Adam Hosmer-Henner, Esq. (NSBN 12779)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
(702) 873-4100
100 West Liberty Street, 10th Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Defendants Benjamin Boyer,*
*Individually and as Trustee of the Boyer*
*Family Trust and Benjamin Boyer Trust*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS ANDRADE AND NAC FOUNDATION, LLC,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>JAPHETH DILLMAN; BLOCK BITS CAPITAL, LLC; BLOCK BITS CAPITAL, GP; BLOCK BITS AML HOLDINGS, LLC; BENJAMIN BOYER, INDIVIDUALLY AND AS TRUSTEE OF BOYER FAMILY TRUST AND BENJAMIN BOYER TRUST; and DOES I through XXX, inclusive<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Benjamin Boyer, individually, and as Trustee of the Boyer Family Trust and Benjamin Boyer Trust, remove to this Court the above-captioned action and respectfully submits the following short and plain statement of grounds for removal:

**Procedural History**

1.      On May 19, 2020, Plaintiffs Marcus Andrade and NAC Foundation, LLC (collectively "Plaintiffs") commenced this action in the Eighth Judicial District Court, Clark County, Nevada, now pending as Case No. A-20-815195-C ("State Court Action"). Summonses were electronically issued that same day. On May 21, 2020, Plaintiffs filed a First Amended Complaint for Declaratory Relief. One year has not elapsed from the date the State Court Action commenced.

2.      Benjamin Boyer is a named defendant in his individual capacity, as well as in his capacity as Trustee of the Boyer Family Trust and Benjamin Boyer Trust ("Boyer Trusts") (collectively "Boyer Defendants").

3.      The Boyer Defendants were served with a Summons and First Amended Complaint on May 26, 2020. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is brought within 30 days of the date of service.

4.      The remaining named defendants in the State Court Action are Japheth Dillman; Block Bits Capital, LLC; Block Bits Capital, GP; and Block Bits AML Holdings, LLC. At the time of this filing, no declarations of service have been filed in the State Court Action establishing that these named defendants have been properly served, and, therefore, their joinder or consent to removal is not required pursuant to 28 U.S.C. § 1446(b)(2)(a).

5.      No further proceedings have been had in the State Court Action. A true and complete copy of the First Amended Complaint ("FAC") and all pleadings, process, and orders in the State Court Action are attached hereto as Exhibit 1.

6.      This Court has jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 because, as detailed below, complete diversity between the parties exists and more than $75,000.00 is in controversy, exclusive of interest and costs.

**Citizenship of the Parties**

7.      Complete diversity exists between Plaintiffs and the Boyer Defendants, as well as all other Defendants.

/ / /

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD ⸙ CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

8.      Plaintiffs allege that Mr. Andrade is an individual residing in Texas. FAC ¶ 1. Upon information and belief, Mr. Andrade is a citizen of Texas.

9.      Plaintiffs allege that NAC Foundation, LLC ("NAC") is a Nevada limited liability company with its principal place of business in Clark County, Nevada. FAC ¶ 1. The sole manager or member listed on the Nevada Secretary of State's website for NAC is Mr. Andrade. Upon information and belief, NAC therefore has either Nevada or Texas citizenship for the purposes of removal.

10.     Benjamin Boyer is and was at the time this action was commenced an individual who is a California citizen, residing in Santa Clara County, California. FAC ¶ 3 ("Mr. Boyer is an individual residing in Santa Clara County, California.").

11.     Benjamin Boyer is the Trustee of the Boyer Family Trust and the Benjamin Boyer Trust. "A trust has the citizenship of its trustee or trustees." *Ponte Vedra Gifts & Accessories Co., LLC v. NFI Glob., LLC*, No. CV 20-2203 PA (MRWX), 2020 WL 1169390, at *1 (C.D. Cal. Mar. 10, 2020) (internal quotations omitted). The Boyer Family Trust and the Benjamin Boyer Trust, and Benjamin Boyer as Trustee, are citizens of California. Neither Trust is a citizen of Nevada or Texas.

12.     Plaintiffs allege that Defendant Dillman is an individual residing in San Francisco County, California. FAC ¶ 2. Upon information and belief, Defendant Dillman is a citizen of California.

13.     Plaintiffs allege that defendants Block Bits Capital GP is a general partnership "formed under the laws of the state of Delaware but operating in California, and having its principal places of business in San Francisco, California." FAC ¶ 4. Defendant Dillman is alleged to be a general partner of Block Bits Capital GP and therefore, upon information and belief, Block Bits Capital GP is a citizen of California. Upon information and belief, no partner of Block Bits Capital GP is a citizen of Nevada or Texas.

14.     Plaintiffs allege that defendants Block Bits LLC is a limited liability company formed and existing "under the laws of the state of Delaware but operating in California, and having its principal places of business in San Francisco, California." FAC ¶ 5. Upon information and belief,

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

Block Bits Capital GP is a citizen of California and no member of Block Bits Capital GP is a citizen of Nevada or Texas.

15.     Plaintiffs allege that Block Bits AML Holdings LLC is an entity formed and existing "under the laws of the state of Delaware but operating in California, and having its principal places of business in San Francisco, California." FAC ¶ 5. Upon information and belief, Block Bits AML Holdings LLC is a citizen of California and no member of Block Bits AML Holdings LLC is a citizen of Nevada or Texas.

16.     Defendants Does I through XXX are named and sued fictitiously; however, their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

17.     All named defendants who have been properly joined and served consent to the removal of the State Court Action.

**Amount in Controversy**

18.     The First Amended Complaint asserts a single state-law claim for declaratory relief arising from various purchases and sales of AML Bitcoin Tokens, a form of digital currency created by NAC, of which Mr. Andrade is the president and sole owner. *See* FAC ¶¶ 12, 15-16. Plaintiffs seek declaratory judgment "as to claims made by Mr. Boyer and the Boyer Trusts that Plaintiffs somehow bear responsibility for injury and damages experienced by Mr. Boyer and the Boyer Trust." FAC ¶ 43.

19.     When the removed lawsuit seeks declaratory or injunctive relief, the amount in controversy is measured by the value of the "object of the litigation." *Biotronik, Inc. v. Medtronic USA, Inc.*, 840 F. Supp. 2d 1251, 1257 (D. Or. 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.")). Where a "lawsuit seeks a declaration of no liability, the value of the relief sought is measured by the value of the liability that would follow if liability were found to exist." *Id.*

20.     Plaintiffs seek a declaration that they are not liable to the Boyer Defendants.

/ / /

21.     Specifically, Plaintiffs allege that through two separate transactions on October 19 and October 26, 2018, the Boyer Defendants purchased AML Bitcoin Tokens for the total purchase price of $125,000.00. FAC ¶ 30.

22.     Plaintiffs allege that the Boyer Defendants and Defendant Dillman also entered into a series of agreements whereby Dillman purchased "Boyer's interests in some 2,564,652 AML Bitcoin Tokens," pursuant to which Dillman was "personally obligated to pay Mr. Boyer $2,989,652.00." FAC ¶ 36. Due to Dillman's failure to pay Boyer the amounts due under those agreements, Plaintiffs allege that "Boyer, as trustee for the Boyer Trusts obtained a judgment against Dillman in the amount of $3,078,787.06, plus pre-judgment interest and costs." *Id.* ¶ 38. Plaintiffs further allege that Boyer has communicated that Plaintiffs "bore fault from Dillman's actions" and threatened to sue Plaintiffs. *Id.* ¶ 39. Accordingly, Plaintiffs seek a declaratory judgment "as to claims made by Mr. Boyer and the Boyer Trusts that Plaintiffs somehow bear responsibility for injury and damages experienced by Mr. Boyer and the Boyer Trust at the hands of Dillman and his related entities named in this action." *Id.* ¶ 43. In addition, Plaintiffs seek a declaratory judgment that nothing in any contract or business relationship between Dillman, the defendant entities in his control, and Plaintiffs "creates a duty or imposes liability on Plaintiffs with respect to any clients/investors/customers of those Defendants, including but not limited to Mr. Boyer or the Boyer Trusts." *Id.* ¶ 44.

23.     Pursuant to 28 U.S.C. § 1446(c)(2)(A)(i), the amount in controversy facially and necessarily exceeds the sum or value of $75,000.00, exclusive of interest and costs. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt*, 432 U.S. at 347. Here, the object of Plaintiffs' Complaint is to preclude the Boyer Defendants from recovering from Plaintiffs any amounts arising from direct purchases of AML Bitcoin, $125,000.00, or those amounts allegedly owed under the agreements between Boyer and Dillman—$2,989,652.00. FAC ¶¶ 30, 36. Thus, the object of the litigation is valued well in excess of the $75,000 jurisdictional threshold under either approach. *See, e.g.*, *EB Holdings II, Inc. v. GLAS USA LLC*, No. 2:18-cv-01096-APG-CWH, 2019 WL 118410, at *2 (D. Nev. Jan. 4, 2019).

24.     For purposes of this Notice of Removal only, and based upon the allegations in Plaintiffs' First Amended Complaint, venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in Nevada.

25.     Pursuant to 28 U.S.C. § 1441, Boyer is entitled to remove the State Court Action to this Court.

26.     Boyer will promptly file a copy of the Notice of Removal with the Clerk of the Court for the Eighth Judicial District Court, Clark County, Nevada.

27.     By removing the State Court Action to this Court, the Boyer Defendants do not waive defenses, objections, or motions available to them under state or federal law, including, without limitation, personal or subject matter jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted. The Boyer Defendants reserve the right to amend this Notice of Removal as appropriate.

Based on the foregoing, Boyer removes the State Court Action to this Court.

Respectfully submitted this 9th day of June, 2020.

MCDONALD CARANO LLP


By: */s/ Adam Hosmer-Henner*
  Adam Hosmer-Henner, Esq. (NSBN 12779)
  Chelsea Latino, Esq. (NSBN 14227)
  2300 West Sahara Avenue, Suite 1200
  Las Vegas, Nevada 89102
  (702) 873-4100
  100 West Liberty Street, 10th Floor
  Reno, Nevada 89501
  (775) 788-2000
  ahosmerhenner@mcdonaldcarano.com
  clatino@mcdonaldcarano.com

  *Attorneys for Defendants Benjamin Boyer,*
  *Individually and as Trustee of the Boyer*
  *Family Trust and Benjamin Boyer Trust*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 9th day of June, 2020, I served the foregoing **NOTICE OF REMOVAL** via electronic mail and U.S. Mail, first-class, postage pre-paid on the following parties:

Eric R. Olsen
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
eolsen@gtg.legal

*/s/  Jill Nelson*
An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Pleadings filed in Eighth Judicial District Court | 22 |