Adam Hosmer-Henner, Esq. (NSBN 12779)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
(702) 873-4100
100 West Liberty Street, 10th Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Defendants Benjamin Boyer,*
*Individually and as Trustee of the Boyer*
*Family Trust and Benjamin Boyer Trust*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCUS ANDRADE AND NAC FOUNDATION, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPHETH DILLMAN; BLOCK BITS CAPITAL, LLC; BLOCK BITS CAPITAL, GP; BLOCK BITS AML HOLDINGS, LLC; BENJAMIN BOYER, INDIVIDUALLY AND AS TRUSTEE OF BOYER FAMILY TRUST AND BENJAMIN BOYER TRUST; and DOES I through XXX, inclusive<br><br>Defendants. | CASE NO.:   2:20-cv-01021-JAD-NJK<br><br>**DEFENDANTS BENJAMIN BOYER, INDIVIDUALLY AND AS TRUSTEE OF THE BOYER FAMILY TRUST AND BENJAMIN BOYER TRUST'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2) & (6)** |

Defendants Benjamin Boyer ("Boyer"), individually and as Trustee of the Boyer Family Trust and Benjamin Boyer Trust ("Boyer Trusts") (collectively, "Boyer Defendants"), hereby move to dismiss the First Amended Complaint pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure ("FRCP"). This Motion is based upon the following memorandum of points and authorities, the Declaration of Benjamin Boyer attached hereto as **Exhibit 1**, the concurrently filed Request for Judicial Notice and exhibit attached thereto, the pleadings and papers on file, and such other information as the Court may wish to consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action involves a single state-law claim for declaratory relief arising from various transfers of AML Bitcoin Tokens, a form of digital currency created by Plaintiffs Marcus Andrade and his wholly owned company, NAC Foundation, LLC ("NAC"). Notwithstanding that Andrade is currently under criminal investigation for his involvement with this digital currency, he seeks a declaration of no liability to the Boyer Defendants for claims arising from their purchases and sales of AML Bitcoin Tokens. Because no personal jurisdiction exists over the Boyer Defendants in Nevada and Plaintiffs' standalone request for declaratory relief is not ripe and would constitute an advisory opinion, dismissal is warranted under FRCP 12(b)(2) and (6).

## II. FACTUAL ALLEGATIONS & BACKGROUND

"Andrade is the President and sole owner of NAC, the creator of the AML Bitcoin Token that became the AML Bitcoin" digital currency.[1] "The offering of AML Bitcoin Tokens commenced in August 2017" and "effectively provided the right to pre-purchase AML Bitcoin in the form of tokens which could be converted in a 1:1 ratio for AML Bitcoins once the AMC Bitcoin project was finished."[2] Andrade is currently under criminal investigation—and the subject of a civil forfeiture action—for engaging in a fraudulent scheme with defendant Japheth Dillman, among others, to induce numerous individuals to purchase AML Bitcoin Tokens and invest in AML Bitcoin.[3] Boyer is one of those numerous individuals.[4]

---

[1] FAC ¶ 16.

[2] *Id.* ¶¶ 13, 16.

[3] The civil forfeiture action alleges that a portion of the funds Boyer invested into the development of the AML Bitcoin was traced to those funds used by Andrade to purchase real property in Texas. *See* Verified Complaint for Civil Forfeiture *In Rem* ¶¶ 11-15, *United States v. 9414 Plaza Point Drive*, No. 3:20-cv-02013-VC (N.D. Cal. Mar. 23, 2020), ECF No. 1.

[4] In answering the civil forfeiture action, Andrade affirmatively alleges that Boyer is "VICTIM ONE" and that Andrade has been under criminal investigation for soliciting funds from Boyer and other investors for the purported development of the AML Bitcoin since as early as 2018. *See* Rowland Marcus Andrade's Answer to Complaint for Civil Forfeiture *In Rem* ¶¶ 3, 7, *9414 Plaza Point Drive* No.3:20-cv-02013-VC (N.D. Cal. May 18, 2020), ECF No. 18. Pursuant to the Request for Judicial Notice filed concurrently herewith, the Boyer Defendants request that the

Boyer is an individual currently residing in Summit County, Utah.[5] Prior to moving to Utah on June 11, 2020, and at all times relevant to the subject matter of this action, Boyer was a resident of Santa Clara, California.[6] Boyer is the trustee of the Boyer Family Trust and the Benjamin Boyer Trust (the "Boyer Trusts"), which were formed under California law and are administered in California or otherwise exclusively outside of Nevada.[7] Neither the Boyer Trusts, or Boyer as trustee, are residents of Nevada.[8] Neither Boyer or the Boyer Trusts own, lease, or possess any real or personal property in Nevada.[9] Boyer has not, individually or in his capacity as trustee, undertaken any business transaction in Nevada.[10] He has never met with Plaintiffs or any of their agents in person, let alone in Nevada.[11] Nor has he met with the other defendants or any of their agents in Nevada.[12] All interactions between Boyer and the parties in this action concerning the purchases and sales of AML Bitcoin Tokens occurred exclusively outside of Nevada or otherwise through email, telephone, and online.[13]

According to the allegations in the First Amended Complaint, in two separate transactions on October 19 and 26, 2018, Boyer, as trustee for the Boyer Family Trust, used a broker to purchase $125,000.00 worth of AML Bitcoin Tokens from Andrade (the "Direct Purchases").[14] Andrade

---

Court take judicial notice of this pleading and the civil forfeiture proceedings without converting this Motion into a motion for summary judgment. A true and correct copy of Andrade's Answer is attached to the Request for Judicial Notice as Exhibit 1.

[5] Boyer Decl. ¶ 1.

[6] ECF No. 1-1, First Amended Complaint ("FAC") ¶ 3; *see also* Boyer Decl. ¶ 1.

[7] FAC ¶ 3; Boyer Decl. ¶ 4.

[8] *See* FAC ¶ 3; Boyer Decl. ¶¶ 1, 4.

[9] Boyer Decl. ¶ 5.

[10] *Id.* ¶ 6.

[11] *Id.* ¶ 7.

[12] *Id.* ¶ 8.

[13] *Id.* ¶ 9.

[14] FAC ¶ 30.

communicated only with Boyer's broker regarding these Direct Purchases; Andrade "did not communicate directly" with Boyer.[15] Plaintiffs allege that these Direct Purchases were the only purchases by the Boyer Trusts of which Plaintiffs "were aware."[16]

Plaintiffs further allege that Boyer acquired and sold additional AML Bitcoin Tokens through various indirect transactions, as follows: (1) on or about February 9, 2018, "Boyer, individually, purchased AML Bitcoin Tokens online, without any communication with Mr. Andrade or NAC, for a total of $1,500.00"[17]; (2) at some unidentified time, the Boyer Trusts acquired AML Bitcoin Tokens that Block Bits LLC had purchased from Plaintiffs on August 28, 2017[18]; (3) in July and August 2018, the Boyer Family Trust transferred to Block Bits AML Holdings, LLC additional AML Bitcoin Tokens "from an inventory it somehow acquired"[19]; (4) "on October 24 and 25, 2018, Mr. Boyer apparently transferred 1,050,000 AML Bitcoin Tokens from the Boyer Family Trust to Dillman, and/or his related companies, " including Block Bits LLC[20]; and (5) "on December 13, 2018, Dillman entered several purchase agreements with Mr. Boyer to buy from Boyer's interests in some 2,564,652 AML Bitcoin Tokens, for which Dillman would be personally obligated to pay Mr. Boyer $2,989,652"[21] (collectively, the "Indirect Purchases").

In November 2018, Plaintiffs allegedly "discovered" that "unapproved statements in connection with AML Bitcoin Tokens" may have been made to Boyer in the course of such Indirect Purchases.[22] Plaintiffs attempted to reimburse Boyer or otherwise buy back all AML Bitcoin

---

[15] *Id.*

[16] *Id.* ¶ 31.

[17] *Id.* ¶ 24.

[18] *Id.* ¶ 26.

[19] *Id.* ¶ 28.

[20] *Id.* ¶ 32.

[21] *Id.* ¶ 36.

[22] *Id.* ¶ 33.

Tokens if Boyer had been misled in any way, but "Black Bits LLC or Dillman had already purchased from Mr. Boyer and the Boyer Trusts all AML Bitcoin Tokens they acquired."[23] When Dillman failed to pay Boyer as agreed, Boyer filed suit in California and ultimately obtained a judgment against Dillman in the amount of $3,078,787.06.[24]

Plaintiffs commenced this action after "Mr. Boyer communicated to Mr. Andrade and NAC that they bore fault from Dillman's actions."[25] Plaintiffs seek a declaration of no liability "as to claims made by Mr. Boyer and the Boyer Trusts that Plaintiffs somehow bear responsibility for injury and damages experienced by Mr. Boyer and the Boyer Trusts."[26]

### III.   ARGUMENT

#### A.   Dismissal Is Warranted Under FRCP 12(b)(2) For Lack of Personal Jurisdiction.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."[27] Under both Nevada's long-arm statute and the Due Process Clause, a court may assert jurisdiction over a nonresident defendant only where the nonresident has "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."[28] "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[29] Because neither exists here, Plaintiffs cannot meet their burden of demonstrating that jurisdiction exists over the

---

[23] *Id.* ¶ 37; *see also id.* ¶ 33.

[24] *Id.* ¶ 38.

[25] *Id.* ¶ 39.

[26] *Id.* ¶ 43; *see also id.* ¶¶ 9, 44.

[27] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *accord Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).

[28] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945); *see also Walden v. Fiore*, 571 U.S. 277, 283 (2014); NRS 14.065.

[29] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Boyer Defendants. Indeed, Plaintiffs go to great lengths in the First Amended Complaint to distance their involvement with the Boyer Defendants because they are trying to deny liability to them.[30] Plaintiffs' efforts at distancing themselves from Boyer also means that they cannot establish personal jurisdiction against them in Nevada. Thus, dismissal is warranted under FRCP 12(b)(2).

### 1. There is no general jurisdiction over the Boyer Defendants in Nevada.

General jurisdiction "arises where a defendant has 'continuous and systematic' ties with the forum, even if those ties are unrelated to the litigation."[31] For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."[32] Here, Boyer is not domiciled or at home in Nevada, nor do Plaintiffs allege as much. Rather, Plaintiffs allege that "Boyer is an individual residing in Santa Clara County, California" and "also trustee of the Boyer Trusts."[33] Thus, the Boyer Defendants are not subject to general jurisdiction in Nevada.

### 2. There is no specific jurisdiction over the Boyer Defendants in Nevada.

Unlike general jurisdiction, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[34] The specific jurisdiction analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[35] In other words, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."[36]

---

[30] *See, e.g.*, FAC ¶¶ 24, 26-28, 30-32.

[31] *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006).

[32] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

[33] FAC ¶ 3.

[34] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted).

[35] *Walden*, 571 U.S. at 285.

[36] *Id.*

In determining whether specific jurisdiction exists, courts in the Ninth Circuit apply the following three-prong test:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."[37]

Where, as here, the plaintiff fails to satisfy either of the first two prongs, "personal jurisdiction is not established in the forum state."[38]

Plaintiffs assert a single claim for declaratory judgment that they have no liability to the Boyer Defendants, among others, "for claims arising from the contracts and business relationships alleged between the Plaintiffs and Defendants, and amongst the Defendants themselves."[39] However, Plaintiffs cannot establish that Boyer purposefully availed himself of the privileges of Nevada law as a result of such "contracts and business relationships," let alone that the Boyer Defendants engaged in any forum-related activities that give rise or relate to Plaintiffs' claim.[40]

First, the "Terms and Conditions" are insufficient to confer jurisdiction over the Boyer Defendants. While Plaintiffs allege that "Boyer must have accepted the Terms and Conditions" and that the "Terms and Conditions" applied to the Direct Purchases,[41] Plaintiffs provide no proof

---

[37] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (alteration in original) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

[38] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citations omitted). Only if the plaintiff meets that burden does "the burden then shift[] to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

[39] FAC ¶ 9.

[40] *Burger King Corp.*, 471 U.S. at 475 ("This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." (internal quotations and citations omitted)).

[41] *See* FAC ¶¶ 24, 30.

as to even what these terms and conditions were or that they were provided to the Boyer Defendants.

Moreover, Boyer had no knowledge that he was transacting with a Nevada entity, such that he can be said to have purposefully availed himself of the benefits and protections of Nevada law.[42] As Plaintiffs themselves allege, all transactions involving Boyer with respect to AML Bitcoin Tokens were consummated without any communication between Boyer and Plaintiffs or otherwise without Plaintiffs' knowledge.[43] The Direct Purchases were effectively a blind sale through a broker, and Boyer would not have purchased tokens had he known an insider, such as Plaintiff Andrade, was the seller.[44] Likewise, with respect to the Indirect Purchases, Plaintiffs allege they never communicated with the Boyer Defendants, were unaware of how any tokens ended up in the Boyer Defendants' possession, and had no knowledge of such transactions "at or near the time they reportedly occurred."[45] As such, the Boyer Defendants could not reasonably have anticipated being haled into court in Nevada.

Because Boyer did not purposefully avail himself of the privileges of conducting any activities in Nevada, let alone engage in any other forum-related activities giving rise or relating to Plaintiffs' claim, no specific jurisdiction exists over him in any capacity. Therefore, dismissal is appropriate under FRCP 12(b)(2).

---

[42] *See* Boyer Decl. ¶ 7; *see also Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, (9th Cir. 1990) (recognizing that "[a] contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction" and holding "the fact that a contract was consummated between [a nonresident and forum resident] does not establish purposeful availment").

[43] *See, e.g.*, FAC ¶ 30 (alleging the purchase was made "without any solicitation from NAC and using Block Bits LLC as a broker," and that all of Plaintiffs' "communications were with Mr. Boyer's broker").

[44] *Id.*; Boyer Decl. ¶ 10.

[45] FAC ¶ 28; *see also id.* ¶ 24 (alleging the purchase was made "without any communication with Mr. Andrade or NAC"); *id.* ¶ 26 (alleging "neither NAC nor Mr. Andrade had any knowledge that the AML Bitcoin Tokens . . . would end up being held by . . . Mr. Boyer or the Boyer Trusts"); *id.* ¶ 35 (alleging Plaintiffs were not aware of the series of agreements occurring in December 2018).

### B. Dismissal Is Also Warranted Under FRCP 12(b)(6) Because Plaintiffs' Sole Claim for Declaratory Relief Is Unripe.

The First Amended Complaint contains a single state-law claim for declaratory relief. Specifically, "Plaintiffs seek declaratory judgment that they have no liability to Defendants . . . for claims arising from the contracts and business relationships alleged between the Plaintiffs and Defendants, and amongst the Defendants themselves, pursuant to" Nevada's Uniform Declaratory Judgments Act.[46] Plaintiffs' attempt to preemptively resolve future defenses against potential actions by the Boyer Defendants is not currently appropriate for this Court's determination.

Nevada's "Uniform Declaratory Judgments Act does not establish a new cause of action . . . . Instead, the Act merely authorizes a new form of relief, which in some cases will provide a fuller and more adequate remedy than that which existed under common law."[47] For instance, a party may obtain declaratory relief regarding its "rights, status or other legal relations" arising under a deed, contract, statute, or ordinance.[48] However, declaratory relief is only available when "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a protectable interest in the controversy, and (3) the issue is ripe for judicial determination."[49] "A case or controversy is ripe if the court finds 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"[50] No such immediacy exists here.

---

[46] *Id.* ¶ 9 (citing NRS Chapter 30); *see also id.* ¶¶ 43-44.

[47] *Builders Ass'n of N. Nev. v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989). In other words, the Act does not authorize a cause of action for declaratory relief when one would not otherwise exist. *See Atrient, Inc. v. Perez*, No. 2:17-cv-2880-JCM-GWF, 2018 WL 4088009, at *2 (D. Nev. Aug. 27, 2018) (providing that a declaratory judgment "is not an independent, substantive cause of action"); *see also Vitale & Assocs., LLC v. Lowden*, No. 2:12-cv-1400-JAD-VCF, 2015 WL 4603471, at *3 (D. Nev. July 30, 2015) (providing that declaratory judgment is "not an independent claim").

[48] NRS 30.040(1).

[49] *Cty. of Clark, ex rel., Univ. Med. Ctr. v. Upchurch*, 961 P.2d 754, 756 (Nev. 1998).

[50] *Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007)).

Plaintiffs fail to identify a breach of contract or assert any other claim underlying its declaration request.[51] Instead, Plaintiffs request declaratory relief of absolutely no liability based on the allegations that Andrade simply invented the AML Bitcoin Tokens transferred between and amongst the Defendants and was not involved in the transactions himself. However, the Boyer Defendants have not filed a lawsuit yet and their reservation of rights does put the dispute at issue. Moreover, whereas delaying this litigation until it is actually ripe poses no harm to Plaintiffs and does not affect Andrade's business, financing, or anything else, requiring the Boyer Defendants to engage in costly litigation merely because Andrade filed first would not be judicially efficient. As a result, and particularly in light of the ongoing criminal investigation relating to Andrade's involvement, no controversy of sufficient immediacy and reality exists to warrant declaratory relief.

In sum, Plaintiffs essentially seek an advisory opinion on the viability of potential affirmative defenses to claims that may ultimately be brought against them in some future action, but which are not the subject of this lawsuit.[52] Because Plaintiffs cannot obtain declaratory relief in the abstract or an advisory opinion in a controversy that does not exist, dismissal is warranted without leave to amend.[53]

///

///

///

---

[51] *See Vitale & Assocs., LLC*, 2015 WL 4603471, at *3; *see also* FAC ¶¶ 43-44.

[52] *See Pettit v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00149-JAD-PAL, 2014 WL 584876, at *3-5 (D. Nev. Feb. 11, 2014) (dismissing amended complaint asserting a single claim for declaratory relief seeking "an advisory opinion on potential affirmative defenses to a future foreclosure action"); *see also Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1945) (rejecting declaratory relief claim that was "but a request for an advisory opinion as to the validity of a defense to a" future suit for recovery of royalties).

[53] *Coffman*, 323 U.S. at 324-25 (providing that the declaratory judgment procedure is available "only in cases involving an actual case or controversy, where the issue is actual and adversary, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen").

**IV. CONCLUSION**

For the foregoing reasons, Boyer Defendants respectfully request that the First Amended Complaint be dismissed.

Respectfully submitted this 16th day of June, 2020.

MCDONALD CARANO LLP

By: */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner, Esq. (NSBN 12779)
Chelsea Latino, Esq. (NSBN 14227)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
(702) 873-4100
100 West Liberty Street, 10th Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Defendants Benjamin Boyer, Individually and as Trustee of the Boyer Family Trust and Benjamin Boyer Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on June 16, 2020, I filed the foregoing **DEFENDANTS BENJAMIN BOYER, INDIVIDUALLY AND AS TRUSTEE OF THE BOYER FAMILY TRUST AND BENJAMIN BOYER TRUST'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2), (6)** with the Clerk of the Court using the CM/ECF system which will automatically e-serve the same on the individuals set forth below:

Eric R. Olsen
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
eolsen@gtg.legal

*/s/ Jill Nelson*
An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Declaration of Benjamin Boyer | 3 |