# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS ANDRADE, et al.,<br>　　Plaintiff(s),<br>v.<br>JAPHETH DILLMAN, et al.,<br>　　Defendant(s). | Case No.: 2:20-cv-01021-JAD-NJK<br>**ORDER**<br>[Docket No. 25] |

Pending before the Court is Plaintiffs' motion for an extension of time to serve Defendants Japheth Dillman and Block Bits AML Holdings ("Defendants") and for leave to serve Defendants by publication. Docket No. 25. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend the time to serve Defendants is **GRANTED**, and the request to serve Defendants by publication is **DENIED** without prejudice.

## I.  Motion to Extend Time for Service

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed.R.Civ.P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendants to December 15, 2020.

## II.  Motion for Leave to Serve by Publication

Plaintiffs also seek leave to serve Defendants by publication. Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15; *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after

due diligence, locate the defendant. *See* Nev.R.Civ.P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

Plaintiffs submit that they have demonstrated the requisite due diligence. Docket No. 25 at 3. Plaintiffs submit that Defendants "currently reside in an unknown unit" at a specific California address. Docket No. 25-1 at 3. Plaintiffs further submit that they "were unable to find the unit number . . . and do not have any alternative addresses" for Defendants. *Id.* However, it appears that Plaintiffs have attempted to serve Defendants at the California address only once. *See* Docket No. 25-2 at 4–5. Moreover, Plaintiffs have failed to document what efforts they undertook to locate the unit number or other addresses. In fact, Plaintiffs do not discuss what efforts, in addition to searching addresses, they have undertaken to satisfy their due diligence for purposes of service by publication. Thus, Plaintiffs have failed to demonstrate the requisite due diligence to warrant allowing service by publication. *See Tsai-Lu Shen v. LaCour*, 2020 WL 888042, at *2 (D. Nev. Feb. 24, 2020) (denying motion to serve by publication where "[p]laintiff has not shown that he has investigated any other likely sources of information to locate the defendant").

**III.  Conclusion**

Accordingly, the Court **GRANTS** the motion to extend the deadline to effectuate service on Defendants, and **DENIES** without prejudice the request for leave to serve Defendants by publication. Docket No. 25. The deadline to serve Defendants is extended to December 15, 2020.

IT IS SO ORDERED.

Dated: October 14, 2020

                                                                         _____
                                                                         Nancy J. Koppe
                                                                         United States Magistrate Judge