UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS ANDRADE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>JAPHETH DILLMAN, et al.,<br><br>  Defendants. | Case No.: 2:20-cv-01021-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 29] |

  Pending before the Court is Plaintiffs' motion for an extension of time to serve Defendant Japheth Dillman ("Defendant") and for leave to serve Defendant by publication. Docket No. 29. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** the motion.

**I. Motion to Extend Time for Service**

  Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed.R.Civ.P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendant to February 1, 2021.

**II. Motion for Leave to Serve by Publication**

  Plaintiffs also seek leave to serve Defendant by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev.R.Civ.P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240,

1

1241 (Nev. 1994). Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15; *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Court finds that Plaintiffs have demonstrated the requisite due diligence to effectuate service on Defendant by publication. Plaintiffs have attempted to serve Defendant personally at least fourteen times at seven different locations, using five different private investigators and process servers. Docket No. 29 at 10. Plaintiffs have also attempted to provide notice of the instant lawsuit to attorneys who have represented Defendant in other legal matters. *Id.* at 4, 8. Further, Plaintiffs have conducted numerous public records and commercial database searches to locate Defendant. *Id.* at 7. Plaintiffs have also attempted to contact Defendant by phone. *Id.* at 2. Plaintiffs submit that Defendant "has recently had default judgments totaling around $3.5 million entered against him in two San Francisco Superior Court cases, and sheriffs in California have failed to locate and execute against Mr. Dillman." *Id.* These circumstances suffice to allow service by publication at this juncture.

### III. Conclusion

Accordingly, the motion to extend time and for service by publication is hereby **GRANTED**. Docket No. 29. The deadline to serve Defendant is extended to February 1, 2021. Plaintiffs must comply with the requirements of Rule 4 of the Nevada Rules of Civil Procedure. Plaintiffs must serve Defendant by publication in a newspaper of general circulation in the State of California on a weekly basis for a period of four weeks. Plaintiffs must also mail a copy of the summons and complaint to Defendant's last known address. After publication is complete, Plaintiffs must file an Affidavit of Publication.

IT IS SO ORDERED.

Dated: December 17, 2020

 _____
 Nancy J. Koppe
 United States Magistrate Judge

2