GARMAN TURNER GORDON LLP
ERIC R. OLSEN
Nevada Bar No. 3127
eolsen@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS ANDRADE AND NAC FOUNDATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAPHETH DILLMAN; BLOCK BITS CAPITAL, LLC; BLOCK BITS CAPITAL, GP; BLOCK BITS AML HOLDINGS, LLC; BENJAMIN BOYER, INDIVIDUALLY AND AS TRUSTEE OF BOYER FAMILY TRUST AND BENJAMIN BOYER TRUST; and DOES I through XXX, inclusive,<br><br>Defendants. | Case No. 2:20-cv-01021-JAD-NJK<br><br>**DECLARATION OF ERIC R. OLSEN IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT OF DEFENDANTS** |

I, ERIC R. OLSEN, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada, and I have been admitted to the U.S. District Court for the District of Nevada. I am lead counsel of record for Plaintiffs MARCUS ANDRADE and NAC FOUNDATION, LLC ("Plaintiffs") in this matter.

2. I make this Declaration in support of Plaintiffs' Application for Entry of Default of Defendants Dillman and BLOCK BITS AML HOLDING, LLC," or "Defaulted Defendants"). The matters stated herein are based upon my personal knowledge and the papers and pleadings on file herein.

/ / /

/ / /

3. On May 19, 2020, Plaintiffs filed a Complaint for Declaratory Relief in the Eighth Judicial District Court of the State of Nevada. ECF No. 1-1 at 2–12. Summonses to the Block Bits AML Holdings were issued on the same day. On May 21, Plaintiffs filed a First Amended Complaint for Declaratory Relief. ECF No. 1-1 at 13–23.

4. On June 9, 2020, Defendant BENJAMIN BOYER filed a Notice of Removal to this Court. ECF No. 1.

5. NAC served Block Bits Capital LLC and Block Bits Capital GP, October 13, 2020. They failed to answer or otherwise plead, and the clerk of court entered defaults against them on November 18, 2020 [ECF No. 28]. NAC applied for default judgments against those defendants on December 16, 2020 [ECF No. 30].

6. Defaulted Defendant BB AML Holdings was served with a copy of the Summons and Complaint, as well as the First Amended Complaint and Notice of Removal, by service on the Delaware Secretary of State, on December 8, 2020. [ECF No. 35-1]. The Clerk of the Court entered the Default against BB AML Holdings on January 14, 2021, for failure to file an answer or other responsive pleading [ECF No. 38].

7. Defaulted Defendant Dillman was served with a copy of the Summons and Amended Complaint, via Publication in the Bay Area Reporter on December 24, 2020, December 31, 2020, January 7, 2021, and January 14, 2021. The Clerk of the Court entered the Default against Dillman, on January 29, 2021, for failure to file an answer or other responsive pleading. [ECF No. 43].

8. On March 17, 2021, the Boyer Defendants were dismissed from the Action on grounds the Court lacked personal jurisdiction over them [ECF No. 44], thereby rendering Boyer Defendants' Response to Motion for default judgment against BB GP and BB LLC [ECF No. 34] moot.

9. NAC previously filed an Application for Entry of Default Judgment Against Block Bits Capital LLC and Block Bits Capital GP [ECF No. 30]. The Court conducted a hearing concerning that application on August 26, 2021. At the hearing, the Court directed counsel for NAC to file applications for default judgment as to the defendants remaining in this action, namely

Dillman and BB AML Holdings.

10. By way of this application and Plaintiffs now ask the Court to enter a final default judgment against Dillman, BB GP, BB LLC, and BB AML Holdings.

11. Under Nevada law, a district court, in awarding attorney fees, weighs all the factors under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), and no one factor is necessarily outcome determinative. See *Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252 n.16, 955 P.2d 661, 673 n.16 (1998); see also *Frazier v. Drake*, 131 Nev., Adv. Op. 64, 357 P.3d 365, 372–73 (Ct. App. 2015). Additionally, where the arrangement is something other than hourly, the district court may follow the lodestar method to calculate attorney fees and find that the billable rates were within community standards. See *Shuette v. Beazer Homes Holding Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 549 (2005) (indicating that the district court is not limited to one specific approach in determining the appropriate amount of fees to award).

12. Plaintiffs employed the law firm of Garman Turner Gordon, a law firm with a reputation for skilled and thorough advocacy. The primary attorney working on this matter was the undersigned. I am an attorney with over 30 years of legal experience. I obtained my legal educations at ABA accredited institutions, and I have exhibited legal skill that meet or exceed the standard in the community.

13. The undersigned billed a reasonable number of hours for the work accomplished. I charge the Plaintiffs herein a discounted rate of $495.00 This rate is consistent with, or below, the hourly rate of attorneys of similar standing and experience in the Las Vegas legal community.

14. This work was necessitated by Defendants' actions, as detailed in the Complaint and subsequent papers, as well as the Court's orders in this action. I believe this firm produced quality work, which, if the Court grants NAC's Application, resulted in the Court entering default judgment against the Defaulted Defendants. The fees are reasonable considering the difficulties caused by the difficulties encountered in getting service on the Defendants and reaching this point.

/ / /

/ / /

/ / /

15. All of this work was performed efficiently and, in an effort, to obtain a favorable result for Plaintiff. Total attorney fees incurred and sought by NAC in this matter are $40,700.00, with costs of $4,550.66. This amount excludes the fees related to Boyer Defendants' motion to be dismissed from the action.

Dated this 8th day of September 2021.

/s/ Eric R. Olsen
ERIC R. OLSEN

4826-0509-2858, v. 1

# EXHIBIT 2

# EXHIBIT 2